█ In the Matter of the Claim of DANIEL GALLAGHER, Respondent, against SENIOR, PALMER & CONNOLLY et al., Appellants, and MONTROSE CONTRACTING Co. et al., Respondents. In the Matter of the Claim of DANIEL GALLAGHER, Respondent, against GEORGE H. FLINN CORP. et al., Appellants, and SENIOR, PALMER & CONNOLLY et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— This is an appeal by the employer Senior, Palmer & Connolly (hereafter referred to as Senior) and its carrier from a decision of the Workmen's Compensation Board apportioning an award to claimant by charging 3.7% to Senior, and 96.3% to another employer, George H. Flinn Corp. (hereafter called Flinn), and refusing to apportion the award as against any other former employers. Flinn and its carrier also appeal from the

award. Claimant became disabled on August 23, 1951 from caisson disease, an occupational disease under the Workmen's Compensation Law (§ 3, subd. 2, par. 17). This disease results from working in compressed air and claimant had worked in such air for different employers for various periods since 1931. Senior was the employer who last employed claimant in this occupation although the exposure in this employment lasted only six days. The sole issue here so far as the appeal of Senior is concerned is the apportionment of liability. It was Senior's right, as the last employer, to have its liability for the entire award apportioned among all prior employers whose employment contributed to the ultimate disability (Workmen's Compensation Law, § 44). The board apportioned the award only against employers after July 1, 1946, and refused to apportion the same against employers prior to that time. The record does not contain substantial evidence to support the distinction made by the board. All of the medical testimony is to the contrary, and to the effect that every exposure experienced by claimant contributed to the disease and produced some damage. The board apparently relied upon an amendment to section 47 of the Workmen's Compensation Law in 1946, and to two questions put to a physician on cross-examination. The amendment mentioned provided: "Any exposure to the hazards of compressed air, after July first, nineteen hundred forty-six, shall be presumed, in the absence of substantial evidence to the contrary, to be injurious exposure." (L. 1946, ch. 642.) This amendment of course did not bar proof of injurious exposure prior to July, 1946 without the benefit of a presumption. The answer of the physician on cross-examination, upon which the board relied which was merely to the effect that if an exposure produced no visible symptoms the damage might be microscopical, is of trivial weight compared to the detailed opinion of the physician previously expressed and to the testimony of the other physicians, and does not rise to the level of substantial evidence. The unanimous medical opinion was substantially to the effect that ultimate disability was in direct proportion to the extent of each exposure. The appellant Flinn and its carrier raise the contention that they should be exonerated from liability because more than 12 months elapsed between the dates of disability and the date of the last exposure while in Flinn's employment. This contention is without merit. The provisions of section 40 of the Workmen's Compensation Law expressly excluded cases of compressed air illness from the 12-month limitation applied to other occupational diseases. Decision and award reversed and matter remitted to the Workmen's Compensation Board for further consideration, with costs to the employer Senior and its carrier against the Workmen's Compensation Board and the employer Montrose Contracting Co., and its carrier. The appeals of Flinn and its carrier are dismissed, without costs. Foster, P. J., Bergan, Coon, Halpern and Gibson, JJ., concur. [See *post*, p. 991.]